UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| CHARLES DANIELS, JR. and<br>LISA DANIELS, | 11-08830-8-RDD |
| DEBTORS. | CHAPTER 13 |

## MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION TO DISMISS FOR FAILURE TO MODIFY PLAN

### STATEMENT OF THE CASE

The above-captioned Debtors filed for relief under Chapter 13 of the Bankruptcy Code on November 18, 2011. The Debtors' Plan was confirmed by the court on February 13, 2012. On August 2, 2012, Debtors amended their Schedule B and Schedule C to reflect a personal injury settlement. The Chapter 13 trustee in this case, Richard M. Stearns (hereinafter, "Trustee"), sent a Notice of Requirement to Modify Chapter 13 Plan to Debtors on August 15, 2012. The Trustee filed a Motion to Dismiss for Failure to Modify Plan on September 18, 2012. The matter came before the court at a hearing held on December 4, 2012. This Memorandum of Law is filed in support of the Trustee's Motion to Dismiss for Failure to Modify Plan.

### STATEMENT OF FACTS

The Debtors' Chapter 13 plan was confirmed on February 13, 2012. On August 2, 2012, Debtors amended their Schedule B and Schedule C to reflect a personal injury settlement of $10,397.35.

1

The Debtors' Amended Schedule B, under Item 21 for "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," indicated a property interest in the male Debtor for "Personal injury settlement recently obtained 8/1/2012" with a value of "[$]10,397.35." The Debtors' Amended Schedule C, under "Other Contingent and Unliquidated Claims of Every Nature," indicated an exemption in "Personal injury settlement recently obtained 8/1/2012" with a value of "[$]10, 397.35." The Debtors' Amended Schedule C-1, under Item 7 for "Compensation for Personal Injury," indicated an exemption in "Personal injury settlement recently obtained 8/1/2012."

The Trustee sent to Debtors a "Notice of Requirement to Modify Chapter 13 Plan" dated August 15, 2012 via U.S. Mail. The notice stated:

> NOTICE is hereby given by the Trustee that it is necessary for the Debtor(s) to file a modification to their Chapter 13 Plan for the following reason: THIS PLAN REQUIRES A MODIFICATION DUE TO THE DEBTOR RECEIVING A PERSONAL INJURY SETTLEMENT. PAYMENTS NEED TO BE INCREASED TO $943.00 BEGINNING IN SEPTEMBER FOR THE REMAINING 48 MONTHS. (NEW PLAN: $710.00 FOR 7 MONTHS, $726.00 FOR 2 MONTHS, THEN $943.00 FOR 48 MONTHS.)

Trustee's Notice of Requirement to Modify Chapter 13 Plan (August 15, 2012). The notice directed the Debtors to file a modification or take some other action to resolve the matter within 20 days of the notice date or the Trustee might then move for a dismissal of the case.

The Trustee filed a Motion to Dismiss for Failure to Modify Plan in the case on September 18, 2012 following Debtors' failure to modify their Plan or resolve this matter regarding the personal injury settlement. The matter came before a hearing on December 4, 2012.

### ARGUMENT

I. **A PERSONAL INJURY SETTLEMENT RECEIVED POST-CONFIRMATION IS PROPERTY OF THE CHAPTER 13 ESTATE AND MUST BE ADDED TO THE BASE OF A CHAPTER 13 PAYMENT PLAN.**

    A. **The Fourth Circuit Has Recognized That Post-Confirmation Income That Is Substantial And Unanticipated Is Recoverable By A Chapter 13 Trustee.**

2

The Fourth Circuit in *In re Murphy* supported the proposition that substantial post-confirmation income to the Chapter 13 estate is recoverable by the trustee and unsecured creditors. *Murphy*, 474 F.3d 143, 154 (4th Cir. 2007) (where debtor's sale of real property eleven months post-confirmation with a sale price that was 51.6% higher than the scheduled property value constituted substantial, unanticipated income to the Chapter 13 estate). In a case involving substantial, unanticipated income coming into the Chapter 13 estate post-confirmation, the Fourth Circuit reasoned:

> "To be sure, through §§ 1329(a)(1) and (a)(2), Congress gave a debtor an out when his financial condition substantially deteriorates and, concomitantly, gave the Chapter 13 trustee and the unsecured creditors an avenue to recoup when the debtor's financial condition substantially improves, provided the change in financial condition is unanticipated. In *In re Arnold*, we permitted a modification of a confirmed plan where the debtor's salary went from $80,000 to $200,000. *Id*. at 241. If a substantial, unanticipated salary increase warrants a modification, we see no reason why substantial, unanticipated income realized from the sale of property would not also warrant a modification of a confirmed plan. Thus, even though property vested in Murphy upon confirmation, this fact did not prevent the Chapter 13 trustee from seeking to modify Murphy's plan.

*Id*. The Fourth Circuit has thus recognized that substantial, unanticipated income to a Chapter 13 estate post-confirmation is recoverable by the trustee or unsecured creditors.

**B.    A Personal Injury Settlement Received Post-Confirmation Is Property Of The Chapter 13 Estate.**

Section 1306 of the Bankruptcy Code adds a post-confirmation personal injury settlement to property of the estate in a Chapter 13 case. *See* 11 U.S.C. § 1306(a)(1). A post-confirmation personal injury settlement is "property of the kind specified in [Section 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted." *In re Waldron*, 536 F.3d 1239, 1242 (11th Cir. 2008) (post-confirmation personal injury claim) ("We conclude, based on the plain language of section 1306(a), that Mr. Waldron's claims are property of the estate. Mr. Waldron acquired his claims for underinsured-motorist benefits after the commencement of the Waldrons' bankruptcy case but before their case was dismissed, closed, or converted.").

There is wide authority—a majority position—supporting that post-confirmation acquired property constitutes property of the Chapter 13 estate. *See Waldron*, 536 F.3d 1239 (11th Cir. 2008)

3

(post-confirmation auto accident and PI claim); *Barbosa v. Solomon*, 235 F.3d 31, 36-37 (1st Cir. 2000) (post-confirmation sale of investment property at significantly increased value); *Sec. Bank of Marshalltown Iowa v. Neiman*, 1 F.3d 687, 689-91 (8th Cir. 1993) (post-confirmation debts incurred); *In re Wei-Fung Chang*, 438 B.R. 77 (Bankr. M.D. Pa. 2010) (post-confirmation attachment of mechanic's liens); *In re Rodriguez*, 421 B.R. 356 (Bankr. S.D. Tex. 2009) (post-confirmation acts to collect fees from post-confirmation earnings of the debtors); *United States v. Harchar*, 371 B.R. 254, 268 (N.D. Ohio 2007) (post-confirmation tax refund); *Woodard v. Taco Bueno Rests., Inc.*, 2006 WL 3542693, at *10-11 (N.D. Tex. 2006) (post-confirmation claim for employment discrimination); *In re Drew*, 325 B.R. 765, 770 (Bankr. N.D. Ill. 2005) (proceeds of a mortgage refinance completed post-confirmation); *In re Grogg*, 295 B.R. 297, 302 (Bankr. C.D. Ill. 2003) (life insurance proceeds acquired post-confirmation); *In re Nott*, 269 B.R. 250, 257-58 (Bankr. M.D. Fla. 2000) (post-confirmation inheritance); *In re Reynard*, 250 B.R. 241 (Bankr. E.D. Va. 2000) (post-petition HOA assessments that were attempted to be collected post-confirmation); *In re Rangel*, 233 B.R. 191, 193-94 (Bankr. D. Mass. 1999) (post-confirmation sale of mortgage property); *In re Kolenda*, 212 B.R. 851, 855 (W.D. Mich. 1997) (automobile acquired with post-confirmation loan); *In re Koonce*, 54 B.R. 643, 645 (Bankr. D.S.C. 1985) (lottery winnings acquired post-confirmation). There is a small minority that disagrees with the majority position. *See*, *e.g.*, *Shell Oil Co. v. Capital Fin. Servs.*, 170 B.R. 903, 905-06 (S.D. Tex. 1994); *In re Petruccelli*, 113 B.R. 5, 15 (Bankr. S.D. Cal. 1990).

C.  **The Debtors Must Add The Total Amount Of The Settlement Proceeds To The Base Of Their Plan, Beyond Simply Satisfying The Liquidation Analysis, Because There Is A Disposable Income Analysis In The Context Of Plan Modification.**

In order to confirm a Chapter 13 plan, the plan must satisfy various requirements of Section 1325 of the Bankruptcy Code. Section 1325(a)(4), known as the liquidation test, provides that the court shall confirm a plan if "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date." 11 U.S.C. §

4

1325(a)(4). Another confirmation requirement under Section 1325 is found in § 1325(b)(1), known as the disposable income test. The disposable income test provides that, if the trustee or a creditor objects to confirmation of the debtor's plan, the court may not approve the plan unless it "provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1).

The liquidation analysis of § 1325(a)(4) applies in the context of plan modification situations where income comes into the estate post-confirmation. *In re Stretcher*, 466 B.R. 891, 894-95 (Bankr. W.D. Tex. 2011) (citing *In re Stinson*, 302 B.R. 828, 832 (Bankr. D. Md. 2003) ("When considering a plan modification where assets have not re-vested and thus are estate assets at the time of sale, the court is required to perform a liquidation analysis under Section 1325(a)(4) as of the time of the requested modification, not as of the date of confirmation of the original plan.")). *In re Stinson* addressed the liquidation test requirement in the context of post-confirmation plan modification situations and stated:

> Section 1329(b)(1), which addresses modification of a plan after confirmation, expressly provides that Section 1325(a) applies "to any modification under subsection (a) of this section." 11 U.S.C. § 1329(b)(1). Section 1325(a) provides that the court shall confirm a plan if, *inter alia*, the value "as of the effective date of the plan" meets the best interests of creditors test, namely, not less than creditors would receive in Chapter 7. Id. at § 1325(a)(4). By virtue of Section 1325(b)(1), plan is the modified plan, and it must meet the test of Section 1325(a)(4) at the time of its effective date.

*Stinson*, 302 B.R. 828, 832 (Bankr. D. Md. 2003). Under the *Murphy* case by the Fourth Circuit, § 1329 plan modification is warranted if there is a substantial, unanticipated change in income to the estate post-confirmation. *Murphy*, 474 F.3d at 154. In the context of post-confirmation modifications under § 1329, a liquidation test applies under operation of § 1325(b)(1). *See Stinson*, 302 B.R. at 832; *Stretcher*, 466 B.R. at 893-94.

The disposable income test also applies to plan modification situations where income comes into the estate post-confirmation. *See In re Cormier*, 478 B.R. 88, 97 (Bankr. D. Mass. Sept. 27, 2012); *Stretcher*, 466 B.R. 891, 894-95 (Bankr. W.D. Tex. 2011); *In re Andrade*, 2011 WL 1559241 (Bankr. D.R.I. 2011); *In re Braune*, 385 B.R. 167, 170 (Bankr. N.D. Tex. 2008); *In re Launza*, 337 B.R. 286

5

(Bankr. N.D. Tex. 2005); *In re Nahat*, 315 B.R. 368, 377 (Bankr. N.D. Tex. 2004); *In re Solis*, 172 B.R. 530, 532 (Bankr. S.D.N.Y. 1994); *In re Martin*, 232 B.R. 29, 36-37 (Bankr. D. Mass. 1999).  Applying the disposable income test in the context of plan modification supports the general rule that the trustee may request a plan modification in the event a debtor's income increases post-confirmation.  *Stretcher*, 466 B.R. at 895 (citing *United States Tr. V. Cortez*, 457 F.3d 448, 457 (5th Cir. 2006) (stating that, under section 1325(b)(1)(B), "[i]f the trustee objects to the plan confirmation, the court may not approve the plan unless it 'provides that all of the debtor's projected disposable income to be received [during the plan] will be applied to make payments under the plan.' 11 U.S.C. § 1325(b)(1)(B) (emphasis added)"; and further stating that "[e]ven if the plan, as initially proposed, is confirmed, § 1329 allows the trustee to seek a subsequent modification of the plan based on an increase in the debtor's income, so that more money is paid to the creditors."). These cases stand for the proposition that the relief conferred under § 1329 allows a trustee to seek a modification after confirmation based on an increase in the debtor's income, and thus a disposable income analysis that is present under confirmation requirements is also applicable in a modification situation.  Other courts disagree that a disposable income analysis is applicable post-confirmation.  *See*, *e.g.*, *In re Grutsch*, 453 B.R. 420, 424 (Bankr. D. Kan. 2011).

In the general context of Chapter 13 bankruptcy, several courts have also held that exempt income, including personal injury settlement proceeds, are subject to the disposable income requirements of Section 1325.  *See Stuart v. Koch*, 109 F.3d 1285, 1289 (8th Cir. 1997) ("Chapter 13 contains no language suggesting that exempt post-petition revenues are not Chapter 13 "income." … Exemptions are less significant in protecting Chapter 13 debtors. … In a Chapter 13 proceeding, on the other hand [from Chapter 7 liquidation], debtors repays unsecured creditors primarily with post-petition "disposable income," … Debtor's fresh start is not endangered by a requirement that income received during the life of the plan from otherwise exempt sources be included in the calculation of disposable income."); *In re Schnabel*, 153 B.R. 809, 817 (Bankr. N.D. Ill. 1993).  These courts concluded that despite the exempt nature of the property, the property was still income for purposes of Chapter 13.

6

Therefore, the requirements of § 1325(b) apply to post-confirmation modifications under § 1329 when a trustee or creditor objects to the proposed modified plan. *Cormier*, 478 B.R. 88, 97 (Bankr. D. Mass. Sept. 27, 2012); *Stretcher*, 466 B.R. 891, 894-95 (Bankr. W.D. Tex. 2011). As such, the disposable income requirements of § 1325(b) apply to a debtor in a modification context. *See Id*.

D.  **The Post-Confirmation Settlement Proceeds Constitute "Disposable Income" Such That These Proceeds Must Be Added To The Base Of The Debtors' Chapter 13 Plan.**

The Debtors' settlement proceeds must be included in the Debtors' projected disposable income for purposes of plan modification because the receipt of settlement proceeds of $10,397.35 represents a substantial change in their financial situation. *Cf.*, *Stretcher*, 466 B.R. at 896-97 (where debtors' personal injury settlement proceeds of $12,633.00 constituted a substantial change in financial situation). Under a forward-looking approach to projected disposable income, these proceeds must be included in the Debtors' projected disposable income and added to the base of the Debtors' plan in order to satisfy the disposable income test under Section 1325(b). *Id*.

E.  **The Trustee Is Not Barred By Any Effect Of The Doctrine of *Res Judicata* In The Present Case Because The Claim Was Unknown To Trustee At The Time Of Confirmation And Was Only Discovered Upon Debtors' Post-Confirmation Amendment To Their Schedules.**

The doctrine of *res judicata* could possibly bar the Trustee from recovering the Debtors' personal injury settlement in certain instances if the Trustee had notice of the claim prior to confirmation. *See*, *e.g.*, *Braune*, 385 B.R. at 172. However, any discussion of circumstances involving the *res judicata* doctrine is unnecessary here because the personal injury claim was unknown to the Trustee prior to confirmation. In the present case, the Trustee first discovered the male Debtor's property interest in the personal injury settlement when Debtors amended their schedules on August 2, 2012, nearly six months following confirmation of Debtors' Plan.

**CONCLUSION**

For the reasons set forth within, the Trustee respectfully requests that this Court grant its Motion to Dismiss for Failure to Modify Plan.

7

Respectfully submitted this the 21st day of December, 2012.

          OFFICE OF THE CHAPTER 13 TRUSTEE

          /s/ Richard M. Stearns, Trustee
          Richard M. Stearns, Chapter 13 Trustee
          N.C. State Bar No. 9643

          /s/ Isaac A. Johnston
          Isaac A. Johnston, Attorney for the Trustee
          N.C. State Bar No. 44502

          1015 Conference Drive
          Greenville, North Carolina 27858
          Tel.: (252) 756-7683
          Fax.: (252) 756-7689

**CERTIFICATE OF SERVICE**

I, Isaac A. Johnston, of 1015 Conference Drive, Greenville, NC 27858, do certify:

That I am, and at all times hereafter mentioned was, more than 18 years of age; and

That on December 21, 2012 I electronically filed, pursuant to Local Rule 5005-4(9) the foregoing MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S MOTION TO DISMISS FOR FAILURE TO MODIFY PLAN with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the debtors in the above captioned cases.

I certify under penalty of perjury that the foregoing is true and correct.

This the 21st day of December, 2012.

/s/ Isaac A. Johnston
Isaac A. Johnston
Attorney for the Chapter 13 Trustee
N.C. State Bar No. 44502
1015 Conference Drive
Greenville, North Carolina 27858
Tel.: (252) 756-7683
Fax.: (252) 756-7689