**SO ORDERED.**

**SIGNED this 29 day of January, 2013.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

| | |
|---|---|
| CHARLES RAY DANIELS, JR., | CHAPTER 13 |
| LISA ROUSE DANIELS, | CASE NO. 11-08830-8-RDD |
| DEBTORS | |

### ORDER DENYING TRUSTEE'S MOTION TO DISMISS
### FOR FAILURE TO MODIFY PLAN

Pending before the Court is the Trustee's Motion to Dismiss Debtors' Chapter 13 case for failure to modify Debtors' Plan confirmed by the Court on February 13, 2012. The Trustee filed a Memorandum of Law in Support of Trustee's Motion to Dismiss on December 21, 2012. The issue before the Court is whether Debtors' receipt of $10,379.35 in post-petition personal injury proceeds, which have been claimed as exempt, require Debtors to modify the Chapter 13 Plan to provide additional payment to unsecured creditors.

### BACKGROUND

Charles Ray Daniels, Jr. and Lisa Rouse Daniels ("Debtors") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on November 18, 2011. On February 13,

1

2012, the Court entered an Order Confirming Chapter 13 Plan, which provided for a payment of $710.00 per month for fifty-seven months. On July 27, 2012, the Court entered an Order on Debtors' Motion to Modify Chapter 13 Plan following Trustee Richard Stearns' Notice of Requirement to Modify Chapter 13 Plan, because the Lenoir County Tax Office filed a claim higher than scheduled. The resulting modified Plan provided for seven payments at $710.00 followed by fifty payments at $726.00. This current Plan is the subject of the Trustee's proposed modification.

In February 2012, male Debtor was involved in an automobile accident, which resulted in a personal injury settlement award. On August 2, 2012, Debtors filed several amendments to their various asset and liability Schedules. Debtors amended "Schedule B—Personal Property" under Item 21 ("Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and right to setoff claims") to show an added item reflecting a "[p]ersonal [i]njury settlement recently obtained" on behalf of male Debtor on August 1, 2012. Debtors also amended "Schedule C—Property Claimed as Exempt" and claimed the full $10,379.35 of the personal injury settlement as exempt property per N.C. Gen. Stat. § 1C-1601(a)(8).

Upon receiving notice of these changes, the Trustee sent notice to Debtors dated August 15, 2012, via U.S. mail stating the following:

> NOTICE is hereby given by the Trustee that it is necessary for the Debtor(s) to file a modification of their Chapter 13 Plan for the following reasons: THIS PLAN REQUIRES A MODIFICATION DUE TO THE DEBTOR RECEIVING A PERSONAL INJURY SETTLEMENT. PAYMENTS NEED TO BE INCREASED TO $943.00 BEGINNING IN SEPTEMBER FOR THE REMAINING 48 MONTHS. (NEW PLAN: $710 FOR 7 MONTHS, $726 FOR 2 MONTHS, THEN $943.00 FOR 48 MONTHS.)

Trustee's Notice of Requirement to Modify Chapter 13 Plan (Aug. 15, 2012). The notice further directed Debtors to take action within twenty days to resolve the matter. On September 20, 2012,

the Trustee filed the Motion to Dismiss Debtors' Chapter 13 case for failure to modify their Plan in accordance with the August 15, 2012 directive. On September 21, 2012, Debtors filed an Objection to the Motion to Dismiss and requested a hearing on the matter. A hearing was held on December 4, 2012, in New Bern, North Carolina.

## DISCUSSION

The central issue in this matter is addressed in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). The U.S. Supreme Court in that instance analyzed the interplay of Section 522(l) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4003(b). *Id*. at 639, 112 S.Ct. at 1646.

Section 522(l) requires a debtor to "file a list of property that the debtor claims as exempt . . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l).

Rule 4003(b)(1) lays out more specifically the requirements for such objections by parties in interest to exemptions:

> (b) *Objecting to a Claim of Exemptions.*
>> (1) [A] party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

Fed. R. Bankr. Proc. 4003(b)(1).

In *Taylor*, the debtor filed a petition under Chapter 7 of the Bankruptcy Code. On her schedules filed with the bankruptcy court, the debtor claimed as exempt proceeds she expected to receive from a pending discrimination lawsuit. At the § 341 meeting of creditors, debtor's counsel informed the trustee "they estimated [the debtor] might win $90,000 in her suit." *Id*. at

3

640, 112 S.Ct. at 1646. The trustee responded days later by way of letter to debtor's counsel "telling them that he considered the potential proceeds of the lawsuit to be property of [the debtor's] bankruptcy estate." *Id.* The trustee pursued no formal objection with the court because he assumed the discrimination suit would be a "nullity." *Id*. at 641, 112 S.Ct. at 1647. When a settlement was reached on behalf of the debtor the following year in the discrimination suit, the trustee filed a complaint against debtor's counsel in the bankruptcy court, demanding they "turn over the money that they had received from [the debtor] because he considered it property of [the debtor's] bankruptcy estate." *Id.*

The opinion in *Taylor* notes both the debtor and trustee stipulated that the debtor "did not have a right to exempt more than a small portion of these proceeds either under state law or under the federal exemptions specified in § 522(d). [The debtor] in fact claimed the full amount as exempt." *Id*. at 642, 112 S.Ct. at 1647. Pursuant to § 522(l), the trustee had every reason to object to the claimed exemption provided he act timely and in accordance with Rule 4003. The Supreme Court found he failed to do so, however, and "prevent[ed] him from challenging the validity of the exemption." *Id*. at 642, 112 S.Ct. at 1648. The Supreme Court continued:

> Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality. In this case, despite what [debtor's counsel] repeatedly told him, [the trustee] did not object to the claimed exemption. If [the trustee] did not know the value of the potential proceeds of the lawsuit, he could have sought a hearing on the issue, see Rule 4003(c), or he could have asked the Bankruptcy Court for an extension of time to object, see Rule 4003(b). Having done neither, [the trustee] cannot now seek to deprive [the debtor and her counsel] of the exemption.

*Id*. at 644, 112 S.Ct. at 1648.

The analysis does not end here, however, for Chapter 13 debtors. Once a determination is made concerning the exempt nature of the settlement, an examination of its effects on a debtor's "disposable income" per § 1325(b) is in order. *In re Graham*, 258 B.R. 286 (Bankr. M.D. Fla. 2001), is helpful in addressing how an exemption under § 522(l) and Rule 4003(b) has

4

ramifications with respect to the "disposable income" test of § 1325(b). The facts in *Graham* are not unlike those in the instant case: a Chapter 13 debtor involved in a post-petition automobile accident properly amended the debtors' joint bankruptcy schedules. The amendment identified an unliquidated personal injury claim to which the trustee failed to object within the prescribed thirty day objection period. When the debtor later settled the personal injury suit, the trustee filed a motion to modify plan to include the settlement proceeds as part of the debtors' disposable income. The debtors objected. The Court, citing *Taylor*, deemed the settlement exempt, explaining that "[a]n exemption in property is conclusively established under § 522(l) once the thirty-day Rule 4003(b) period has elapsed, even if a debtor claiming an exemption had no colorable legal basis to do so." *Graham* at 289. This, in turn, provided a basis for the court's "disposable income" test analysis.

*Graham* lays out the various approaches courts have taken in reconciling how § 522 exemptions are dealt with under the "disposable income" test of § 1325(b). The majority of courts "have found that § 522(c) does not operate to render any income from exempt property immune from treatment as 'disposable income.'" *Graham* at 290. These courts have focused on the inherent differences between Chapter 7 and Chapter 13 cases in coming to this determination. "Because the fresh start in Chapter 13 is protected by a debtor's ability to retain non-disposable income rather than exempt assets, the importance of exemptions is diminished." *Id*. at 291 (quoting *In re Tolliver* 257 B.R. 98, 100 (Bankr. M.D. Fla. 2000)). The minority position described in *Graham*, unsurprisingly, takes the opposite view:

> In *In re Ferretti*, 203 B.R. 796, 800 (Bankr.S.D.Fla.1996), the court found that the Supreme Court's ruling in *Taylor* and the plain language and general applicability of § 522 mandated its finding that property exempt under § 522(l) (and therefore § 522(c)) may not be treated as "disposable income." The clear language of [§ 522(c)] protects exempt property, regardless of form, from prepetition

5

>    debts . . . [t]his express limitation cannot be ignored for purposes of defining disposable income under [§ 1325(b)].

*Graham* at 291 (internal citations and quotation marks omitted).

To this Court, the majority position reads a lot more into the phrase "disposable income" than Congress intended. Had Congress intended "disposable income" to include post-petition exempt personal injury proceeds, Congress could and should have explicitly said so in §§ 1306 and 1325. Further, the majority view misreads § 522(c) as allowing exempt property to be considered disposable income under §1325(b). Section 522(c) states that "[u]nless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case[.]" Section 522(c) then goes on to describe several exceptions which are not applicable to the instant case.

The *Graham* court agreed, citing an Eleventh Circuit decision, *Gamble v. Brown*, 168 F.3d 442 (11th Cir.1999):

>    The Court of Appeals [in *Gamble*] found that the plain language of the Code mandated that property properly exempted under § 522(l) and Rule 4003(b) must be released to a debtor's use and enjoyment without any restrictions because of the implications of *Taylor*. "To [hold otherwise] would cause us to disregard this [thirty day Rule 4003(b)] time period for objecting, and in effect, extend the period for objecting to these exemptions until a debtor has completed the bankruptcy plan." The *Gamble* court found that such a ruling would directly conflict with *Taylor*. The *Gamble* court also belittled the distinction between Chapter 7 and Chapter 13 that underpins the majority courts treatment of exempt property as "disposable income": "Congress chose not to utilize more forgiving conditional language regarding exemptions. . . . [W]e cannot ignore . . . the fact that chapter 13 uses the same exemption under section 522 as chapter 7."

*Graham* at 291 (quoting *Gamble* 168 F.3d at 444). Thus, the debtors' "conclusively exempt" settlement proceeds were altogether omitted from their "disposable income" calculations under § 1325(b). *Graham* at 293.

The Trustee in the instant case relies upon the Fourth Circuit opinion *In re Murphy*, 474 F.3d. 143 (4th Cir. 2007). *Murphy* held that excess sales proceeds from the post-petition sale of a

6

debtor's condominium created an unanticipated and substantial change in the debtor's financial circumstances. The debtor's $80,000 unanticipated gain from the sale were considered disposable income for purposes of § 1325(b). However, those sales proceeds had not been claimed as exempt under § 522. In the facts currently before the Court, Debtors claimed the personal injury settlement proceeds as exempt, and the Trustee failed to object. Therefore, *Murphy* is inapplicable to the present facts.[1]

The male Debtor was involved in a post-petition automobile accident in February of 2012. Debtors filed an amended set of schedules with the Court on August 2, 2012, disclosing a personal injury settlement in the amount of $10,379.35. According to the Trustee's Memorandum of Law in Support of Trustee's Motion to Dismiss for Failure to Modify Plan, the Trustee sent Debtors a "Notice of Requirement to Modify Chapter 13 Plan" on August 15, 2012. However, the Trustee failed to file a formal objection to the amended claim of exemption with the Bankruptcy Court. He filed his Motion to Dismiss Debtors' case on September 20, 2012, more than thirty days following Debtors' filing their amended schedules. The Trustee's Motion to Dismiss sets forth no grounds as to why the amended claim of the personal injury exemption should not be allowed. Simply filing the motion to dismiss is not sufficient to raise the issue of an objection to the amended exemption.

No objection to the amended exemption was filed within the 30 day time limit set forth in Federal Rule of Bankruptcy Procedure 4003 and no extension of time was requested. The post-petition personal injury proceeds are property of the estate pursuant to 11 U.S.C. § 1306(a). However, Debtors properly claimed the personal injury proceeds as exempt and no objection was

---

[1] Another case recently decided in this district, *In re Carroll*, 89-01177-8-JRL, 2012 WL 6115709 (Bankr. E.D.N.C Dec. 3, 2012), deals with facts similar to those in *Murphy*. In *Carroll* the male debtor received a post-petition $100,000 inheritance. The debtor in that instance never proposed the inheritance was exempt under § 522 but contended it should be excluded from the bankruptcy estate based on the 180-day rule set out in § 541(a)(5)(A). Therefore, the legal theory in *Carroll* is also inapplicable to the facts currently before the court.

7

filed. Therefore, Debtors are not required to increase the dividend to unsecured creditors to comply with 11 U.S.C. § 1325(a)(4), better known as the "best interests of creditors" test or the liquidation test. The personal injury proceeds were claimed as exempt and creditors will still receive at least as much or more had the case been liquidated in Chapter 7 under the confirmed modified plan. Likewise, Debtors are not required to include the personal injury settlement proceeds as part of their "disposable income" calculations set forth in § 1325(b) for failure of the Trustee to raise a proper objection for the reasons set forth above. Pursuant to Federal Rule of Bankruptcy Procedure 4003 and the Supreme Court's holding in *Taylor v. Freeland & Kronz*, the Trustee's Motion to Dismiss is **DENIED**.

    **SO ORDERED**.

**END OF DOCUMENT**